## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CASEY THOMAS HAVARD**                                      **PLAINTIFF**

**v.**                                            **CIVIL NO. 1:20-cv-00253-HSO-RHWR**

**GOVENOR TATE REEVES,**                                   **DEFENDANTS**
**WARDEN BOBBY C. FAIRLEY,**
**and GEORGE COUNTY, MISSISSIPPI**

## REPORT AND RECOMMENDATION

BEFORE THE COURT for recommendation of dismissal is the Complaint [1]

filed *pro se* and *in forma pauperis* by Plaintiff Casey Thomas Havard. Plaintiff's

Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure

41(b) and the Court's inherent authority due to his failure to abide by Court Orders

and prosecute his claims.

## I.   BACKGROUND

Plaintiff was an inmate when he filed this suit and has since filed three changes

of addresses. [9] [13] [15]. The last change of address, filed May 20, 2021, indicated

that Plaintiff was housed at South Mississippi Correctional Facility in Leakesville,

Mississippi. [15]. It is unknown whether Plaintiff has been released from custody.

On January 21, 2022, Defendants Bobby C. Fairley and George County,

Mississippi, filed a Motion for Summary Judgment [29] asserting that Plaintiff has

failed to state any cognizable claims. On January 28, 2022 Governor Tate Reeves filed

a Motion to Dismiss [31], asserting that Plaintiff's claims against Governor Reeves,

in his official capacity, are barred by Eleventh Amendment sovereign immunity.

After Plaintiff did not file a timely response to the Motion for Summary Judgment or Motion to Dismiss for Lack of Jurisdiction, the Court entered an Order [35] on April 27, 2022, requiring Plaintiff to file a response to both defense Motions [29] [31] on or before May 18, 2022. The Order [35] was mailed to Plaintiff's address of record and has not been returned as undeliverable. Plaintiff did not file a response.

On June 6, 2022, a Final Order to Show Cause [36] issued, allowing Plaintiff one final opportunity, until June 17, 2022, to comply with the Court's directive to file a response to Defendants' Motions [29] [31]. This Order [36] also required Plaintiff to separately file, by June 17, 2022, a response showing cause why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority due to Plaintiff's failure to prosecute and obey the Court's Order of April 27, 2022 [35]. The June 6, 2022, Order [36] was mailed to Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not responded to Defendants' Motions [29] [31] or the Court's Orders [35] [36].

## II.    DISCUSSION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). A court must be able to clear its calendar of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 630-31.

Generally, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Unless the dismissal order states otherwise, a dismissal under [Federal Rule of Civil Procedure 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The docket amply demonstrates a clear record of delay and contumacious conduct by Plaintiff. Plaintiff was routinely warned in numerous Orders throughout this litigation that it was his responsibility to prosecute his claims and that his case could be dismissed *sua sponte* by the Court for failure to prosecute or comply with a Court order. *See* Orders [3] at 2, [4] at 3, [8] at 3, [10] at 3, [12] at 3, [14] at 3, [35] at 5, [36] at 6.

The Court's April 27, 2022, Order cautioned Plaintiff that if he did not comply by responding to Defendants' Motions [29] [31], the Court "will presume Plaintiff has no further interest in pursuing his claims and may dismiss the suit for failure to prosecute and obey a Court order" under Federal Rule of Civil Procedure 41(b). [35] at 1. The Court's June 6, 2022, Final Order to Show Cause warned Plaintiff that his failure to timely comply "will be deemed a purposeful delay and contumacious act by Plaintiff and will result in a recommendation to the District Judge that this suit be

3

dismissed with prejudice under Rule 41(b) and the Court's inherent authority." [36[ at 3.

The Court's attempts to prompt diligent prosecution through lesser sanctions than dismissal have proven to be futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Plaintiff's Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and abide by Court Orders.

III.    NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the

proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)..

**SIGNED**, this the 22nd day of June, 2022.

<u>**s/ Robert H. Walker**</u>
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE