IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CASEY THOMAS HAVARD** | § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:20cv253-HSO-RHWR |
| | § § | |
| **GOVERNOR TATE REEVES,** *et al.* | § | **DEFENDANTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S [37] REPORT
AND RECOMMENDATION AS MODIFIED AND DISMISSING
CASE WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [37] of United States Magistrate Judge Robert H. Walker, entered in this case on June 22, 2022. Based upon the Magistrate Judge's review of the record and relevant legal authority, he recommended that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and abide by the Court's Orders. *See* R. & R. [37] at 4. Plaintiff has not filed any objection to the Report and Recommendation [37]. For the reasons that follow, the Court finds that the Report and Recommendation [37] should adopted as modified herein, and that this case should be dismissed without prejudice.

I. BACKGROUND

On August 5, 2020, Plaintiff Casey Thomas Havard ("Plaintiff"), who is pro se and proceeding in forma pauperis, filed Complaint [1] against Defendant Governor Tate Reeves ("Reeves"). *See* Compl. [1]. Plaintiff asserts a claim concerning a

purported announcement by Reeves on or about July 30, 2020, that no inmates in the State of Mississippi, including non-violent offenders, would be released due to the COVID-19 outbreak. *See id.* at 4. Plaintiff seeks compensatory and punitive damages. *See id.* At the time he filed his Complaint [1], Plaintiff was incarcerated at George County Regional Correctional Facility ("GCRCF") in Lucedale, Mississippi. *See id.* at 1. Plaintiff subsequently added Warden Bobby C. Fairley ("Fairley") and George County, Mississippi ("George County"), as Defendants in this case. *See* Order [19].

On January 21, 2022, Fairley and George County filed a Motion [29] for Summary Judgment, and on January 28, 2022, Reeves for a Motion [31] to Dismiss for lack of jurisdiction. *See* Mots. [29], [31]. Plaintiff did not respond to either Motion. On April 27, 2022, the Magistrate Judge entered an Order [35] requiring Plaintiff to respond to Defendants' Motions [29], [31] by May 18, 2022. *See* Order [35] at 2. The Magistrate Judge warned Plaintiff that it was his "responsibility to prosecute this case," and he warned that "[i]f Plaintiff fails to timely comply with this Order, the Court will presume Plaintiff has no further interest in pursuing his claims and may dismiss the suit for failure to prosecute and obey a Court order." Order [35] at 1. Plaintiff has not filed any response to the Motions [29], [31], or the Magistrate Judge's Order [35].

On June 6, 2022, the Magistrate Judge entered a Final Order to Show Cause [36], affording Plaintiff "a final opportunity to comply with the Court's directive to file" responses to Defendants' Motion [29], [31], and ordering Plaintiff to respond by

June 17, 2022. Order [36] at 3. Plaintiff did respond in any way to the Court's Order [36], nor has he filed any response to Defendants' Motions [29], [31].

On June 22, 2022, the Magistrate Judge entered a Report and Recommendation [37] recommending that Plaintiff's Complaint be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute and abide by Court Orders. *See* R. & R. [37] at 4. Any objection to the Magistrate Judge's Report and Recommendation [44] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [44], and the time for doing so has passed.

After the Magistrate Judge entered his Report and Recommendation [37], envelopes containing several Orders that had been mailed to Plaintiff were returned by the United States Postal Service as undeliverable. *See* Returned Mail [38], [39], [40], [41]. Each envelope was stamped "RETURN TO SENDER" and "NO LONGER AT THIS INSTITUTION[.] NO FORWARDING ADDRESS ON FILE." *Id.*

Plaintiff has been warned numerous times in this case that it was his responsibility to keep the Court apprised of his current mailing address and that failure to do so may result in the dismissal of this case. *See, e.g.,* Order [20] at 3; Order [14] at 2; Order [12] at 2; Order [10] at 2; Order [8] at 2; Order [7] at 2 (filed restricted access); Order [4] at 2; Order [3] at 2; Compl. [1] at 2. The docket reflects that none of the envelopes containing these earlier Orders, which were mailed to

3

Plaintiff at his address of record, were returned as undeliverable.

Since filing his Complaint [1], Plaintiff has filed three changes of address, the last being received on May 20, 2021, which reflected that Plaintiff was housed at the South Mississippi Correctional Facility in Leakesville, Mississippi.  *See* Notices [9], [13], [15].  However, filings mailed to this latest address are now being returned as undeliverable.  Therefore, the record shows that Plaintiff has not kept the Court apprised of his current address, despite the Court's admonitions.  *See, e.g.,* Order [20] at 3; Order [14] at 2; Order [12] at 2; Order [10] at 2; Order [8] at 2; Order [7] at 2 (filed restricted access); Order [4] at 2; Order [3] at 2; Compl. [1] at 2.  Of the Orders that were recently returned as undeliverable, the earliest was the Magistrate Judge's Text Only Order entered on April 21, 2022, meaning that Plaintiff has not updated his address in at least two-and-a-half months.  *See* Returned Mail [38].  The last filing received from Plaintiff was the Motion [16] Claiming New Defendants filed on May 20, 2021.

## II.  DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.  Plaintiff has clearly not kept the Court apprised of his mailing address, even after being warned numerous times that failure to do so would be deemed a purposeful delay and contumacious act that may result in dismissal.  *See, e.g.,* Order [20] at 3; Order [14] at 2; Order [12] at 2; Order [10] at 2; Order [8] at 2; Order [7] at 2 (filed restricted access); Order [4] at 2; Order [3] at 2; Compl. [1] at 2.  Plaintiff has not updated his mailing address in at least two-and-a-half months, *see* Returned Mail [38], and dismissal for Plaintiff's failure to prosecute and abide by the Court's Orders is appropriate.

"[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits."  *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quotation omitted).  The United States Court of Appeals for the Fifth Circuit has "consistently refused to permit a court to impose this sanction unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice."  *Id.*  The Fifth Circuit "recognize[s] that delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."  *Id.* at 792 (quotation omitted).

5

Although the Court has not received a filing from Plaintiff since May 20, 2021, *see* Mot. [16], the Orders and other filings entered in this case since that time did not necessarily require Plaintiff to respond to anything until the Magistrate Judge ordered him to do so on April 27, 2022, *see* Order [35]. That Order [35] was returned as undeliverable. *See* Returned Mail [39]. Under these circumstances, and out of an abundance of caution, the Court finds that dismissal without prejudice is more appropriate.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [37] of United States Magistrate Judge Robert H. Walker, entered in this case on June 22, 2022, is **ADOPTED** as modified in this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and to abide by the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of July, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE